**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CRISTINA ZAMORA, )
)
Plaintiff, )
)
vs. )
)
NATIONAL CREDIT WORKS, INC. and )
NATIONAL CREDIT WORKS II LLC; )
)
Defendants. )

## COMPLAINT

## INTRODUCTION

1. Plaintiff Cristina Zamora brings this action to secure redress for unlawful credit and collection practices engaged in by defendants. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5. Venue and personal jurisdiction in this District are proper because:

a. Defendants' collection communications were received by plaintiff within this District;

b. Defendants transact business within this District.

## PARTIES

6. Plaintiff Cristina Zamora is an individual who resides in Channahon, Illinois.

7. Defendant National Credit Works, Inc., is a corporation chartered under New York law with offices at 3719 Union Road, Suite 221, Cheektowaga, NY 14225.

8. Defendant National Credit Works II LLC is a limited liability company chartered under New York law with offices also located at 3719 Union Road, Suite 221, Cheektowaga, NY 14225.

9. Defendants are both in the business of collecting allegedly delinquent consumer debts originally owed to others.

10. Defendants use the mail and telephone system in conducting their business.

11. Defendants describe themselves as "National Credit Works" or "NCW" without distinguishing between the two defendants.

12. Defendants are under common ownership and control.

13. By conducting themselves in a manner making it impossible for a consumer to determine which entity is responsible for collection communications, each defendant is liable for the acts of both defendants.

## FACTS

14. During June-July 2011, one or more representatives of "National Credit Works" called plaintiff to collect an alleged payday or similar high interest loan.

15. Plaintiff disputes that any such debt exists. Any loan would have been obtained by plaintiff for personal, family or household purposes and not for business purposes.

16. On or about July 5, 2011, the representative told plaintiff that she had violated the bad check laws in 2009 and would be sued for such violation unless she paid.

17. A check issued to secure repayment of a payday loan, even if dishonored, does not trigger application of the bad check statutes. (The lender knew that the check was not good when it was delivered; the consumer would not be borrowing money at hundreds of percent interest if he or she had it.)

18. Plaintiff was harassed and aggravated by such threats.

19. Plaintiff has not received any correspondence from defendants notifying her of her verification rights.

20. On information and belief, no such correspondence was sent.

## COUNT I – FDCPA

21. Plaintiff incorporates paragraphs 1-20.

22. The phone calls violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(7) and 1692e(10).

23. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; . . .**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

24. On information and belief, defendants also violated 15 U.S.C. §1692g by failing to provide the notice described therein.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

**COUNT II – ILLINOIS COLLECTION AGENCY ACT**

25. Plaintiff incorporates paragraphs 1-20.

26. Defendants violated the following provisions of 225 ILCS 425/9:

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

**(21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

27. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendants:

(1) Compensatory and punitive damages;

(2) Costs.

(3) Such other and further relief as is appropriate.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**VERIFICATION**

I, Cristina Zamora, declare under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true.

Cristina Zamora

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)